IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY STRONG                                                                                       PETITIONER

V.                                          NO. 1:21-CV-00144-SA-DAS

MISSISSIPPI DEPARTMENT OF CORRECTION, et al.          RESPONDENTS

ORDER TRANSFERRING CASE TO THE
FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the Court, *sua sponte*, for consideration of the transfer of this cause. Petitioner Anthony Strong, proceeding *pro se*, has submitted a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.[1] Doc. # 1. The petitioner pled guilty and was sentenced on a charge of aggravated assault in the Circuit Court of Monroe County, Mississippi, on June 23, 2017. *See* Doc. #s 6,7; *see also* Civil Action No. 1:20-CV-00236-SA-DAS, Doc. # 13. Per the state court's order, Strong's sentence was to run concurrently with the sentence imposed in federal cause 1:16-CR-00052-NBB-DAS. *See id.* Strong has filed at least one other unsuccessful § 2254 petition concerning the same conviction and sentence which he now seeks to challenge. *See Strong v. Warden T.J. Watson, et al.*, 1:19-cv-00118-SA-DAS (dismissed under doctrines of procedural default and procedural bar); *Strong v. State of Mississippi*, 1:20-cv-00236-SA-DAS (dismissed as successive and without merit).

The Antiterrorism and Effective Death Penalty Act requires that before a district court considers a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §

---

[1] Strong supplemented his petition using the standard form for petitions under 28 U.S.C. § 2241, *see* Doc. # 6, pursuant to the Court's order directing him to do so. *See* Doc. # 4. Strong's claims, however, fall within the purview of Section 2254, and will be construed accordingly. *See* Civil Action No. 1:20-cv-00236-SA-DAS, Doc. # 13 (construing claims under Section 2254 despite the supplementation with Section 2241 forms, when identical claims were raised as in the instant petition).

2244(b)(3)(A). Strong has failed to obtain such authorization. Rather than dismissing Strong's petition on this basis, the Fifth Circuit has allowed district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(C). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Therefore, in the interest of justice and judicial economy, it is hereby ORDERED:

1)  That this petition shall be TRANSFERRED to the Fifth Circuit Court of Appeals for the petitioner to seek permission to file his successive § 2254 petition;

2)  That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(C), and *In re Epps*, 127 F.3d at 365; and

3)  That this case is CLOSED.

This, the 26th day of October, 2021.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE