# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 06, 2021

Mr. David Crews
Northern District of Mississippi, Aberdeen
United States District Court
301 W. Commerce Street
Aberdeen, MS 39730

         No. 21-60826    In re: Anthony Strong
                         USDC No. 1:21-CV-144

Dear Mr. Crews,

Enclosed is a copy of the judgment issued as the mandate.

                    Sincerely,

                    LYLE W. CAYCE, Clerk

                    By: _____
                    Majella A. Sutton, Deputy Clerk
                    504-310-7680

cc w/encl:
     Mr. Anthony Strong

# United States Court of Appeals
# for the Fifth Circuit

No. 21-60826

In re: Anthony Strong,

A True Copy
Certified order issued Dec 06, 2021

Lyle W. Cayce

Clerk, U.S. Court of Appeals, Fifth Circuit

*Movant.*

Motion for an Order Authorizing
the United States District Court
for the Northern District of Mississippi
to Consider a Successive 28 U.S.C. § 2254 Application

Before Smith, Higginson, and Willett, *Circuit Judges.*

Per Curiam:

Anthony Strong, federal prisoner #13410-025, moves for authorization to file a successive 28 U.S.C. § 2254 application to challenge his conviction and sentence for aggravated assault. He seeks to argue that he should be released from custody by the State of Mississippi when he completes his federal sentence and that the evidence does not support his conviction.

To obtain authorization, Strong must make a *prima facie* showing that his claims rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or that "the factual predicate for the claim[s] could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim[s], if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for consti-

tutional error, no reasonable factfinder would have found [him] guilty." 28 U.S.C. § 2244(b)(2); *see* § 2244(b)(3)(C).

To the extent Strong's proposed claims were raised in his initial § 2254 application, we will not consider them. *See* § 2244(b)(1). To the extent Strong raises new claims, he has not made the requisite showing. *See* § 2244(b)(2), (3)(C). Strong also asserts that he is actually innocent. Even if a showing of actual innocence could be used as a gateway to filing a successive § 2254 application, such relief would not be warranted because Strong offers no new evidence showing that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995) (quote at 327); *see also McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013).

IT IS ORDERED that Strong's motion for authorization to file a successive § 2254 application is DENIED.